**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| IN THE MATTER OF THE TRACKING OF A BLACK 2017 BMW 540, VIN WBAJE7C31HG888939, BEARING DELAWARE REGISTRATION D14164 | Case No. 2:24-mj-140-KFW<br><br>**<u>Filed Under Seal</u>** |

**AFFIDAVIT IN SUPPORT OF
<u>AN APPLICATION FOR A SEARCH WARRANT</u>**

I, Elliot Arsenault, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.   I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a black 2017 BMW 540 bearing Delaware Registration D14164 and vehicle identification number WBAJE7C31HG888939 ("the SUBJECT VEHICLE-2"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE-2 is presently being used in furtherance of the distribution of controlled substances, in violation of 21 U.S.C. § 841, and that there is probable cause to believe that the installation of a tracking device on the SUBJECT VEHICLE-2 and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2.   I am a Special Agent ("SA") with Homeland Security Investigations ("HSI") and have been since March 2022. I am currently assigned to HSI's Portland, Maine office. I have participated in numerous criminal investigations, to include matters involving investigations relating to the trafficking of narcotics. Through my training and

experience, I have become familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in drug trafficking.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to provide the facts necessary for a determination of probable cause for the requested search warrant.

## **PROBABLE CAUSE**

4. I hereby adopt and incorporate by reference my affidavit filed in support of a GPS tracker warrant for the SUBJECT VEHICLE (as defined therein), filed under case number 2:24-mj-131-KFW, dated April 26, 2024, and attached hereto as Exhibit 1.

5. On about April 24, 2024, using a pole camera placed at the ADAMS Residence (as defined in Exhibit 1), I observed Target Subject KENNETH ADAMS exit the residence and walk between the SUBJECT VEHICLE and a black 4-door sedan (later determined to be SUBJECT VEHICLE-2) parked next to the SUBJECT VEHICLE in the driveway. I observed ADAMS enter SUBJECT VEHICLE-2, where he remained for approximately 10 minutes. He then exited SUBJECT VEHICLE-2 and entered the SUBJECT VEHICLE, moved the SUBJECT VEHICLE clear, and then re-entered SUBJECT VEHICLE-2 and reverse parked the vehicle in the driveway. ADAMS exited SUBJECT VEHICLE-2, entered the SUBJECT VEHICLE, and departed the ADAMS Residence.

6. Using the GPS tracking I monitored ADAMS driving to 59 Bayside West in Owls Head, where he stayed for approximately 6 minutes before returning to the ADAMS Residence. Once ADAMS returned to the ADAMS Residence, he parked the

SUBJECT VEHICLE in reverse next to SUBJECT VEHCICE-2. Then, using the pole camera, I observed ADAMS appearing to change the license plate of the SUBJECT VEHICLE. Thereafter, ADAMS departed the ADAMS Residence in SUBJECT VEHICLE-2. As of the morning of May 1, 2024, the SUBJECT VEHICLE has remained at the ADAMS Residence.

7. I have been informed by CS-1 (as defined in Exhibit 1) that, in addition to the SUBJECT VEHICLE, ADAMS is using a new vehicle to transport drugs from New York to Maine in order to attempt to avoid the detection of law enforcement.

8. On about May 1, 2024, using the pole camera, I observed ADAMS arrive back at the ADAMS Residence in SUBJECT VEHICLE-2. Later that day, I conducted surveillance of the ADAMS Residence, at which time, I was able to further identify SUBJECT VEHICLE-2, which was then parked adjacent to the SUBJECT VEHICLE. I observed that SUBJECT VEHICLE-2 is a black BMW 540 4-door sedan bearing Delaware Registration D14164.

9. The associated VIN assigned to SUBJECT VEHICLE-2 is WBAJE7C31HG888939. A query of the associated VIN indicated that on November 11, 2022, the vehicle was impounded to Utica Auto Group. On March 26, 2024, SUBJECT VEHICLE-2 was impounded by Springfield Gardens Auto. A query of the VIN revealed an associated license plate out of Pennsylvania, LWH 8716. A query of the license plate observed on SUBJECT VEHICLE-2 (the Delaware plate) returned "not on file." Neither query indicated a current registration.

10. It is believed that if the requested warrant is authorized, it will facilitate HSI's ability to surveille ADAMS while he is driving SUBJECT VEHICLE-2. It is

anticipated that, with the aid of the tracking warrant, investigators will be able to determine, among other things, where (and from whom) ADAMS obtains his narcotics, as well as the identities and locations of his Maine customers.

11. Based on my observation of the real-time pole camera video installed at the ADAMS Residence, I know that SUBJECT VEHICLE-2 is presently the District of Maine.

12. In order to track the movement of the SUBJECT VEHICLE-2 effectively and to decrease the chance of detection, I seek authorization to place a tracking device on the SUBJECT VEHICLE-2 while it is in the District of Maine. It is anticipated that the ideal time to install the tracking device is between 4 a.m. and 7 a.m. During the investigation, agents have observed that ADAMS generally arrives home at around 3 a.m. Depending on where ADAMS parks his vehicle, it may be necessary to enter onto private property to effect the installation (and/or subsequent repair, replacement, and removal) of the tracking device. Therefore, I am seeking authorization to be present on the curtilage and in the driveway of the ADAMS Residence (i.e., 281 Common Road in Union, Maine) for the purposes of effectuating the tracking warrant.

13. To ensure the safety of the executing officer(s), and to avoid premature disclosure of the investigation, consistent with the information provided above, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours.

14. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period not to exceed 45 days following issuance of the warrant. The tracking device may

produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of HSI or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on SUBJECT VEHICLE-2 within the District of Maine within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from SUBJECT VEHICLE-2 after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter the curtilage and driveway of the ADAMS Residence to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the District of Maine.

16. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by

prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

Respectfully submitted,

Elliot Arsenault
Special Agent
Homeland Security Investigations

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: May 02 2024

City and state: Portland, Maine

_____
Judge's signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title